(115 App. Div. 655)

PEOPLE ex rel. GABRIEL v. BUTLER et al.

(Supreme Court, Appellate Division, Second Department. · November 16, 1906.)

MUNICIPAL CORPORATIONS—TENEMENT HOUSE LAWS—CONSTRUCTION.

The erection of tenement houses fronting on the same street, by the owner of two adjoining lots fronting on two different streets coming together at an acute angle, is not within section 56 of the tenement house law (Laws 1901, p. 902, c. 334), requiring the leaving of yard space in the center of the lot wherever a tenement house is erected upon a lot which runs through from one street to another.

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of Catherine Gabriel, against Edmund J. Butler and another, to compel the approval of plans for two tenement houses. From an order denying motion for peremptory writ, petitioner appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Robert H. Roy, for appellant.

John P. O'Brien (Samuel J. Parmenter, on the brief), for respondents.

GAYNOR, J. The petitioner has two adjoining lots of land fronting on Knickerbocker avenue and also on Thames street, each lot front being 25 feet. These streets come together at an acute angle. The lot lines are at right angle to each street, so that each lot is an L lot, so-called, but with an obtuse angle in the L. The said lot lines perpendicular to Knickerbocker avenue are 60.06, 71.1 and 83.2 feet in length, respectively, to the point where they intersect the said lines perpendicularly to Thames street, and the said lot lines on Thames street to the said point of intersection are 21.8, 32.11¾ and 44.3¾ in length, respectively. The petitioner filed a plan for two tenement houses fronting on Knickerbocker avenue, each to cover all of the lot to a depth of 60 feet. The plan also shows the percentage of yard area in the rear of the houses required by Tenement House Law, Laws 1901, p. 901, c. 334, §§ 51, 53, 54. This leaves two short lots or plots fronting on Thames street, for parts of the original lots on that street are taken for such yard area.

The refusal to approve the plans is based on the following provision of section 56 of the said law:

"Wherever a tenement house hereafter erected is upon a lot which runs through from one street to another street, and said lot is not less than 70 nor more than 100 feet in depth, there shall be a yard space through the centre of the lot midway between the two streets, which space shall extend across the full width of the lot, and shall never be less than 12 feet in depth from wall to wall"; and where such lot is over 100 feet in depth such yard shall be not less than 24 feet in depth.

This provision has no application to the petitioner's case. It applies to the case of a tenement house being built through from one street to another. In that case, says the law, a yard space through the centre of the lot shall be left, so that the tenement house mentioned by the statute shall be really divided into two houses with a yard between their rear walls. But the petitioner is not building through from street to street.

The order should be reversed and the petition granted.

Order reversed, with $10 costs and disbursements, and motion for peremptory writ of mandamus granted, with costs. All concur.